O

# United States District Court
# Central District of California

| | |
|---|---|
| THE GARMON CORPORATION, a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>HEALTHYPETS, INC., a California corporation; MANDEEP GHUMMAN,<br><br>Defendants. | Case No: 5:18-cv-00809-ODW(SHK)<br><br>**ORDER DENYING DEFENDANTS' EX PARTE APPLICATION TO CONTINUE THE HEARING DATE FOR PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION [28]** |

## I. INTRODUCTION

On May 15, 2018, Defendants filed an *Ex Parte* Application seeking continuance of Plaintiff's hearing date for Preliminary Injunction. (Defendants' Ex Parte Application ("Appl."); ECF No. 28.) On March 16, 2018, Plaintiff opposed the Application, arguing that (1) it is untimely and precluded under Rule 6(b)(1) of the Federal Rules of Civil Procedure; and (2) it does not satisfy the standards set by this Court's Chamber Rules under *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F.Supp. 488 (C.D. Cal. 1995). (Plaintiff's Opposition to Ex Parte Application

("Opp'n") 2, ECF No. 29.) Defendants filed a Reply in support of their Application on May 17, 2018. (Reply, ECF No. 31.) For the reasons set forth below, Defendants' Application is **DENIED.**

## II. BACKGROUND

Plaintiff, The Garmon Corporation ("Garmon"), manufactures products for pets and other animals, which are then sold through dealers authorized by Garmon ("Authorized Dealers"). (Compl. ¶¶ 10, 13; ECF No. 1.) On or about April 19, 2016, Garmon and Healthypets, Inc. ("HPI") entered into an Authorized Online Dealer Agreement, authorizing HPI to sell Garmon's products online (the "Dealer Agreement"). (*Id.* ¶¶ 44–45.) Allegedly, HPI and Mandeep Ghumman, the CEO and Director of HPI (collectively "Defendants"), breached the Dealer Agreement, causing Garmon to terminate it in September 2017. (*Id.* ¶¶ 43, 51, 53, 61.) After the Dealer Agreement was terminated, HPI lost its status as an Authorized Dealer of Garmon's products, and certain "post-termination obligations" arose. (*Id.* ¶ 57.) Among other things, HPI was obligated to discontinue selling Garmon's products, refrain from using its intellectual property, and discontinue using "anything which would give the impression that HPI [was] an authorized dealer." (*Id.* ¶ 58.)

According to Garmon, HPI has failed to perform the post-termination obligations, and "continues to advertise, promote, and sell hundreds of [Garmon's] products to end users on the HPI Websites without authorization and in breach of the Dealer Agreement." (*Id.* ¶ 61.) As a result, Garmon filed its Complaint against HPI, asserting eight causes of action, including: (1) Injunctive Relief; (2) Breach Of Contract; (3) Trademark Infringement; (4) Unfair Competition Under the Lanham Act; (5) Copyright Infringement; (6) Unfair Competition Under California's Business and Professional Code; (7) Tortious Interference with Contract; and (8) Tortious Interference with Prospective Economic Damage. (Compl. 1.) Approximately one week after filing its Complaint, Garmon moved the Court for a Preliminary

Injunction, seeking to enjoin HPI from selling Garmon's products and from holding HPI out to consumers as an Authorized Dealer. (Motion for Preliminary Injunction ("Mot.") 4; ECF No. 4.) Garmon's Motion is set for hearing before this Court on June 4, 2018. (*See id.*)

### III. DISCUSSION

In its Ex Parte Application, Defendants request that the Court continue the June 4, 2018 hearing date for Garmon's Motion for Preliminary Injunction to July 9, 2018. (Appl. 1.) Defendants argue that they are entitled to ex parte relief because (1) Garmon will not suffer irreparable harm or prejudice if the hearing date is continued four weeks; (2) the scope and complexity of the issues raised by Garmon's motion necessitates additional time to conduct expedited discovery and prepare opposition papers; and (3) the request is reasonable under the totality of the circumstances. (*Id.* 2–4.) For the reasons discussed below, the Court **DENIES** Defendants' application.

Ex parte applications are solely for emergency relief. Thus, "it must be established that the moving party is without fault in creating the crisis that requires ex parte relief, or that the crisis occurred as a result of excusable neglect." *Mission Power*, 883 F. Supp. At 492. "To show that the moving party is without fault, or guilty only of excusable neglect, requires more than a showing that the other party is the sole wrongdoer. It is the creation of the crisis—the necessity for bypassing regular motion procedures—that requires explanation. For example, merely showing that trial is fast approaching and that the opposing party still has not answered crucial interrogatories is insufficient to justify ex parte relief. The moving party must also show that it used the entire discovery period efficiently and could not have, with due diligence, sought to obtain the discovery earlier in the discovery period." *Id.* at 493.

Here, Defendants have not shown that they are entitled to emergency relief. First, Plaintiff timely filed and noticed its Motion for Preliminary Injunction for hearing on June 4, 2018. (Mot.) As such, despite Defendants' argument to the

contrary, Garmon does not need to demonstrate "a compelling need" to have its Motion heard on June 4, 2018. As Garmon correctly states, irreparable harm is a standard to be applied at the preliminary injunction hearing. (Opp'n 3.) Furthermore, to justify ex parte relief, the evidence must show that the *moving* party's cause will be irreparably prejudiced. *Mission Power*, 883 F. Supp. At 492 (emphasis added). Here, Defendants improperly attempt to shift the burden of proof to Garmon.

Defendants also fail to show that they would be "irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures." *See Mission Power*, 883 F. Supp. At 492. Defendants claim that they need additional time "to review the voluminous information, to conduct relevant factual and legal research, including taking the deposition of … a Garmon employee." (Appl. 4.) Defendants claim that Garmon's trademark, copyright infringement, and unfair competition claims are flawed, and may be subject to a Rule 12(b)(6) motion. (*Id*.) The Court is not convinced that these issues warrant ex parte relief. As Garmon states, its Motion is solely based on whether HPI should be enjoined from selling Garmon products, and from holding itself out as an Authorized Dealer. (Opp'n 3; Mot. 4.)

Finally, Defendants claim that its counsel incorrectly calendared its opposition papers, and argue that this oversight was "excusable neglect." (Reply 2.) In his Declaration, Defendants' counsel states that he calendared the opposition date for May 21, 2018 instead of May 14, 2018, incorrectly believing that the opposition was due 21 days after service, rather than 21 days before the June 4, 2018 hearing date. (Mash Decl.; ECF No. 31-1.) Even if the Court finds that this oversight demonstrates excusable neglect, Defendants would only be entitled to a continuation of one week.

Considering the evidence in its totality, the Court finds that Defendants do not demonstrate that they cannot be prepared for the hearing on Garmon's Motion for Preliminary Injunction, much less that the situation warrants an emergency continuance.

## IV. CONCLUSION

In short, Defendants have not shown the Court that they will suffer irreparable prejudice if the hearing date is not continued, nor that this is a "crisis" caused by excusable neglect. Therefore, the Court **DENIES** Defendants' ex parte application. (ECF No. 28.)

**IT IS SO ORDERED**.

May 24, 2018

_____

**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**