O

# United States District Court
# Central District of California

| | |
|---|---|
| THE GARMON CORPORATION, a California corporation<br><br>Plaintiff,<br><br>v.<br><br>HEALTHYPETS, INC., a California corporation; MANDEEP GHUMMAN,<br><br>Defendants. | Case No. 5:18-cv-0809-ODW(SHK)<br><br>**ORDER GRANTING PRELIMINARY INJUNCTION [17]** |

This matter came on for hearing on June 4, 2018, before the Honorable Otis D. Wright, District Judge, on the Motion for Preliminary Injunction [17] by Plaintiff, The Garmon Corporation, a California corporation ("Garmon") seeking, *inter alia*, a Preliminary Injunction against Defendant, HealthyPets, Inc., a California corporation ("HPI"), to enjoin HPI from engaging in, and continuing to engage in, certain conduct.

The Court, having read and considered the moving papers, and having heard the oral presentation of counsel for the parties, hereby **FINDS:**

1. Garmon is likely to succeed on the merits of its breach of contract claim against HPI because the Dealer Agreement is a valid contract between the parties that requires HPI to perform certain post-termination obligations, including to discontinue selling Garmon's products, refrain from using its intellectual property, and discontinue using anything which would give the impression that HPI was an authorized dealer. *Disney Enters, Inc. v. VidAngel, Inc.,* 869 F.3d 848, 856 (9th

Cir. 2017); *Prof'l Collection Consultants. v. Lauron,* 8 Cal. App. 5th 958, 968 (6th Dist. 2017).

2. Garmon is likely to suffer irreparable harm in the form of loss of customers and goodwill in the absence of preliminary relief because, among other things, (a) HPI is selling Garmon's animal health products without any up-to-date training or applying the appropriate safeguards; (b) HPI is attempting to purchase Garmon products from Authorized Dealers and Authorized Distributors for resale, and in doing so tortiously inducing these resellers to breach their contracts with Garmon; (c) HPI is selling Garmon products on unauthorized websites and at prices well below those described in the Retail Policy, in an effort to undercut the Authorized Dealers and undermine Garmon's brands; and (d) Garmon is holding itself out to the public as an Authorized Dealer or a reseller otherwise affiliated with Garmon when it is not. *Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 841 (9th Cir. 2001).

3. The balance of equities favors Garmon because HPI agreed to refrain from selling the Garmon products following the termination of the Dealer Agreement. *Disney Enters, Inc.*, 869 F. 3d at 856.

4. It is in the public interest to enforce valid contracts, such as the Dealer Agreement. *Flip Flop Shops Franchise Co., LLC v. Neb,* No. 16-7259-JFW (Ex), 2016 WL 9275403, at *8 (C.D. Cal. Dec. 5, 2016).

**ORDERED**, the Motion for Preliminary Injunction by Plaintiff, The Garmon Corporation, is granted. Defendant, HealthyPets, Inc., and any and all of its agents, employees, successors or assigns, and any other persons acting in concert with Defendant, are hereby ordered to immediately cease and desist from the following actions until final hearing of this case, or further Order of the Court:

a. (i) Advertising, promoting and selling any and all Garmon products and (ii) engaging in any conduct that would give the impression that HPI is an authorized dealer, reseller, or representative of or for any or all of

such products or has any affiliation whatsoever with Garmon or such products;

     b.     Knowingly or negligently directly or indirectly: (i) advertising, promoting, or selling Garmon products online in any fashion, and (ii) selling to anyone for resale other than, in the case of permitted returns, to Garmon [in accordance with Part F hereinbelow].

     c.     Purchasing or attempting to purchase any of Garmon's products from any third party, including but not limited to Authorized Dealers and Authorized Distributors that have contracted with Garmon to sell Garmon products;

     d.     Using in any manner any the Garmon trademarks, or any marks confusingly similar thereto, or reproductions, counterfeits, copies or colorable imitations thereof;

     e.     Otherwise using, exploiting, or infringing any of Garmon's intellectual property, including any Garmon trademarks, trade names, copyrighted images and text, trade dress and designs, now or hereafter existing;

     f.     HPI shall sell or cause the sale to Garmon of and, as directed by Garmon and at HPI's expense, ship or cause to be shipped to Garmon or its designee(s) each of the items in HPI's inventory of Garmon's products (free of all liens, security interests, claims and encumbrances, other than that or those in favor of Garmon) which is acceptable (as determined by Garmon) at a price equal to the lowest price HPI would have paid to Garmon, or to each relevant Authorized Dealer or Authorized Distributor.

     g.     HPI shall deliver to Garmon, at HPI's expense, all other Garmon products that are in HPI's possession, custody or control, including products that may not be acceptable to Garmon in accordance with Part F, hereinabove, such as Garmon products that are more than one year older than their date of manufacture.

    i.  The necessity for Plaintiff to secure a bond, surety or other such undertaking is hereby waived.

    For the reasons discussed above, the Court **GRANTS** Garmon's Motion for Preliminary Injunction. (ECF No. 17.)

**IT IS SO ORDERED.**

June 4, 2018

_____
    **OTIS D. WRIGHT, II**
  **UNITED STATES DISTRICT JUDGE**