O

# United States District Court
# Central District of California

| | |
|---|---|
| THE GARMON CORPORATION, a California corporation<br><br>Plaintiff,<br><br>v.<br><br>HEALTHYPETS, INC., a California corporation; MANDEEP GHUMMAN,<br><br>Defendants. | Case No. 5:18-cv-0809-ODW(SHK)<br><br>**ORDER DENYING PLAINTIFF'S EX PARTE APPLICATION TO EXPEDITE HEARING ON MOTION FOR CIVIL CONTEMPT AND SANCTIONS [40]** |

On June 13, 2018, Plaintiff, The Garmon Corporation, a California corporation ("TGC") applied ex parte for an expedited briefing schedule and immediate hearing on TGC's Motion for Civil Contempt and Sanctions ("Contempt Motion"). (ECF Nos. 39 (Contempt Motion); 40 (Ex Parte Application).) Defendants opposed the Application. (ECF No. 46.) The Court read and considered the moving papers, and opposition and **DENIES** TGC's Application. (ECF No. 40.)

An ex parte application must "establish why [a] motion for the ultimate relief requested cannot be calendared in the usual manner. In other words, it must show why the moving party should be allowed to go to the head of the line in front of all other litigants and receive special treatment." *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995). "First, the evidence must show that

the moving party's cause will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures. Second, it must be established that the moving party is without fault in creating the crisis...." *Id.* Denial of an ex parte application is also appropriate if the substantive request underlying the application is without merit. *Id.*

To the extent TGC was suffering immediate, and irreparable harm, from the unauthorized sale of *one* of its products after the Court entered the preliminary injunction, the Declaration of Defendants' Vice President of Sales, Jesse Padilla, establishes that the harm has since stopped. (Declaration of Jesse Padilla ¶¶ 7–8, ECF No. 46-1.) Accordingly, TGC has not met its high burden. *See Mission*, 883 F. Supp. at 492.

The Court reminds Defendants of their obligation to comply with the Court's preliminary injunction. (ECF No. 38.) Failure to comply with the Court's Order will result in significant sanctions. To the extent TGC identifies any violations of the injunction after this Order, it should notify the Court, and the Court will respond accordingly.

**IT IS SO ORDERED.**

June 15, 2018

_____
**OTIS D. WRIGHT, II**
**UNITED STATES DISTRICT JUDGE**