| | |
|---|---|
| 1 | Richard C. Vasquez (CA SBN 127228) |
| 2 | rvasquez@vbllaw.com |
|   | Jeffrey T. Lindgren (CA SBN 176400) |
| 3 | jlindgren@vbllaw.com |
|   | VASQUEZ BENISEK & LINDGREN LLP |
| 4 | 3685 Mt. Diablo Blvd., Suite 300 |
|   | Lafayette, CA  94549 |
| 5 | Telephone:  (925) 627-4250 |
| 6 | Facsimile:    (925) 403-0900 |
| 7 | Attorneys for Defendants |
|   | HEALTHY PETS, INC. AND MANDEEP GHUMMAN |
| 8 | |

# IN THE UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE GARMON CORPORATION, a California corporation, | Case No: 5:18-cv-809 ODW (SHKx) |
| | Hon. Otis D. Wright II |
| Plaintiff, | |
| v. | **DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS AS TO COUNTS 1-4, 6 AND 8 OF THE COMPLAINT** |
| HEALTHYPETS, INC., a California corporation; MANDEEP GHUMMAN, | |
| Defendants. | |

**TABLE OF CONTENTS**

| Title | Page |
|---|---|
| I. INTRODUCTION | 1 |
| II. PLAINTIFF'S RECITED FACTS ARE FLAWED | 1 |
|    A. Plaintiff Relies on "New" Facts and Conclusory Legal Allegations. | 1 |
|    B. Plaintiff's Reliance on the Preliminary Injunction Ruling is Misplaced. | 4 |
| III. ARGUMENT | 4 |
|    A. The First Sale Doctrine Bars Plaintiff's Lanham Act Claims. | 4 |
|    B. Plaintiff's Contract Claims Fall Under Section 16600. | 8 |
| IV. CONCLUSION | 12 |

# TABLE OF AUTHORITIES

| **Cases** | **Page** |
|---|---|
| *Beatty Safway Scaffold, Inc. v. Skrable*, 180 Cal.App.2d 650 (1960) | 10 |
| *Campbell v. Bd. of Trustees of the Leland Stanford Junior Univ.*, 817 F.2d 499 (9th Cir. 1987) | 9 |
| *Chamberlain v. Augustine*, 172 Cal. 285 (1916) | 9 |
| *Cousins v. Lockyer*, 568 F.3d 1063 (9th Cir. 2009) | 3 |
| *Curtis v. Shinsachi Pharm. Inc.*, 45 F.Supp.3d 1190 (C.D. Cal. 2014) | 6 |
| *Edwards v. Arthur Andersen LLP*, 44 Cal. 4th 937 (2008) | 9 |
| *Enesco Corp. v. Price/Costco Inc.*, 146 F.3d 1083 (9th Cir. 1998) | 7 |
| *Gatan, Inc. v. Nion Co.*, Case No. 15-cv-1862-PJH, 2016 WL 1243477 (N.D. Cal. Mar. 30, 2016) | 10, 11 |
| *Gatsinaris v. ART Corp. Sols. Inc.*, SA CV 15-0741-DOC, 2015 WL 4208595 (C.D. Cal. July 10, 2015) | 11 |
| *Gen. Commercial. Packaging, Inc. v. TPS Package Eng'g, Inc.*, 126 F.3d 1311 (9th Cir. 1997) | 9 |
| *Golden v. Cal. Emergency Physicians Med. Grp.*, 782 F.3d 1083 (9th Cir. 2015) | 8 |
| *Golden v. Cal. Emergency Physicians Med. Grp., Inc.*, 896 F.3d 1018 (9th Cir. 2018) | 10 |
| *Harman Int'l Indus., Inc. v. Pro Sound Gear, Inc.*, Case No. 2:17-cv-06650 -ODW (FFMx), 2018 WL 1989518 (C.D. Cal. Apr. 24, 2018) | 7 |
| *HM Elec. Inc. v. R.F. Techs., Inc.*, Case No. 12-cv-2884-MMA (WMC) 2013 WL 12074966 (S.D. Cal. Oct. 3, 2013) | 7 |
| *Hollingsworth Solderless Terminal Co. v. Turley*, 622 F.2d 1324 (9th Cir. 1980) | 11 |
| *Kolling v. Dow Jones & Co.*, 137 Cal.App.3d 709 (1st Dist. 1982) | 11 |
| *NEC Elec. v. CAL Circuit Abco*, 810 F.2d 1506 (9th Cir. 1987) | 4, 6 |
| *NEC Elec., Inc. v. Cal Circuit ABCO, Inc.*, Case No CV 85-1344, 1986 WL 765406 (C.D. Cal. Aug. 20, 1986) | 6 |
| *Roth v. Garcia Marquez*, 942 F.2d 617 (9th Cir. 1991) | 3 |

| | | |
|---|---|---|
| *Scott v. Snelling & Snelling, Inc.*, 732 F. Supp. 1034 (N.D. Cal. 1990) | | 10 |
| *Sebastian Int'l Inc. v. Longs Drug Stores Corp.*, 53 F.3d 1073 (9th Cir. 1995) | | 5, 8 |
| *USS-Posco Indus. v. Case*, 244 Cal.App.4th 197 (1st Dist. 2016) | | 9 |
| *W. Mining Council v. Watt*, 643 F.2d 618 (9th Cir. 1981) | | 3 |

## I. INTRODUCTION

Defendants' motion for judgment on the pleadings tests the sufficiency of Plaintiff's allegations as pleaded—a test Plaintiff fails. Rather than demonstrate a viable cause of action, Plaintiff instead relies on "facts" that are alleged only in its opposition, not its complaint, and casts conclusory legal allegations as "fact." Neither can save Plaintiff's claims from dismissal. Plaintiff also fails to directly engage the settled precedent; instead, Plaintiff tries to incorrectly narrow the controlling case law or cite to decisions that are easily distinguished based the actual facts pleaded by Plaintiff in its Complaint. These pleaded facts and the applicable law support only one conclusion—Counts 1-4, 6 and 8 must be dismissed.

## II. PLAINTIFF'S RECITED FACTS ARE FLAWED

### A. Plaintiff Relies on "New" Facts and Conclusory Legal Allegations.

Throughout its opposition Plaintiff cites a litany of "facts" that it tells this Court must be accepted as true when analyzing Defendants' motion. However, many of these "facts" either appear only Plaintiff's opposition or are actually conclusory legal allegations.

For example, citing Complaint for Injunctive Relief, Trademark and Copyright Infringement, and Damages, ECF No. 1, ("Compl.") ¶¶ 10-20, Plaintiff states "TGC's efforts to train the Authorized Dealers are important *because incorrect use of TGC products could have no impact, or even a negative impact, on animals*." Plaintiff's Response to Defendants' Motion for Judgment on the Pleadings as to Counts 104, 6 and 8 of the Complaint, ECF No. 90, ("Opp.") at 5 (emphasis added). This "fact" is never alleged in the Complaint—neither in the cited paragraphs nor anywhere else. Similarly, citing the Complaint ¶¶ 66-73 of the Complaint, Plaintiff states "As part of HPI's intentional misappropriation of TGC's intellectual

property, *HPI is also using outdated images and product descriptions for TGC products*, likely due to the fact that HPI no longer has access to NATURVET University and other TGC resources exclusive to Authorized Dealers." Opp. at 6 (emphasis added). Again, nowhere does the Complaint allege that HPI using "outdated images and product descriptions for TGC products." Citing to Complaint ¶¶ 14-15, Plaintiff states that for a certain product "TGC typically provides a NATURVET University pamphlet of up-to-date information and *an accompanying product quiz for purposes of training the Authorized Dealer about the characteristics and appropriate application of the product*." Opp. at 4-5 (emphasis added). Like the prior "facts" alleged by Plaintiff, this one cannot be found in the cited paragraphs or elsewhere in the Complaint.

Plaintiff also suggests that Authorized Dealers are "required" to comply with its stock rotation policies, citing to Complaint ¶ 17. Opp. at 19. But the Complaint alleges only that Authorized Dealers are "*expected* to comply" with the "inventory stock rotation policy" and that "[*i*]*n order to encourage compliance* with [this] policy, TGC *permits* Authorized Dealers to participate in certain TGC-sponsored … stock rotation programs." Compl. ¶¶ 16-17 (emphasis added). *Encouraging compliance by permitting participation in a stock rotation program* is far different than contractually requiring it. Plaintiff also states, this time without citation to the Complaint, that "HPI, as an unauthorized dealer, is selling the TGC products to consumers without training, product quality control policies, accompanying services *and warranties*."[1] Opp. at 20 (emphasis added). Again, the

---

[1] Plaintiff readily admits that during HPI's time as an Authorized Dealer, HPI received training by Plaintiff and "complimentary access" to NATURVET University. Opp. at 4. This admission (1) counters Plaintiff's claim that HPI is selling TGC products "without training" and (2) suggests that although Authorized Dealers get *access* to NATURVET University they

Complaint contains no allegation that any TGC product sold by Defendants is without warranty. In fact, the word "warranty" never appears in the Complaint. Plaintiff's purposeful attempt to base its arguments on facts that are not actually contained in the Complaint must be rejected.

Notably, Plaintiff demands that the Court treat as true legal conclusions dressed up as fact allegations. For example, Plaintiff argues that this Court must accept as true the "facts" that "HPI *illegally obtained* TGC products *by tortiously inducing* Authorized Dealers *to breach their contracts* with TGC and sell products to HPI" and that "HPI's actions *cause customer confusion* and *hurt TGC's customer goodwill*." Opp. at 16 (emphasis added). These are not facts, these are conclusory legal allegations that are not assumed to be true. *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981) (holding legal conclusions cast as fact allegations not assumed true).

For the purpose of deciding a Rule 12(c) motion, a court must look to and accept as true the factual allegations in the complaint and in any accompanying attached documents. *Roth v. Garcia Marquez*, 942 F.2d 617, 625 n.1 (9th Cir. 1991). To the extent the attached documents refute factual allegations in the complaint, those allegation need not be accepted as truth. Id. Likewise, "conclusory allegations of law and unwarranted inferences" are not deemed to be true or sufficient to preclude dismissal. *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009). Consequently, many of the "facts "on which Plaintiff relies are pleaded nowhere and cannot preclude dismissal.

---

may not use it.

DEFS' REPLY ISO MOT. FOR JUDGMENT ON THE PLEADINGS                3

### B. Plaintiff's Reliance on the Preliminary Injunction Ruling is Misplaced.

Plaintiff repeatedly argues that this Court should reject Defendants' motion because of statements it made in its June 4, 2018 Order on the preliminary injunction. This argument is without merit. This Court received a one-sided story on the facts of the case and the need for an injunction because Defendants' prior counsel did not file any opposition to the preliminary injunction motion. As indicated in Defendants motion and this reply, Plaintiff's claims suffer from significant deficiencies that have not been previously raised to the Court. Based on the allegations in the Complaint, Plaintiff's Counts 1-4, 6, and 8 should be dismissed.

## III. ARGUMENT

### A. The First Sale Doctrine Bars Plaintiff's Lanham Act Claims.[2]

Ninth Circuit precedent on the first sale doctrine is clear:

> Trademark law generally does not reach the sale of genuine goods bearing a true mark even though such sale is without the mark owner's consent. *Once a trademark owner sells his product, the buyer ordinarily may resell the product under the original mark without incurring any trademark law liability.* The reason is that trademark law is designed to prevent sellers from confusing or deceiving consumers about the origin or make of a product, which confusion ordinarily does not exist when a genuine article bearing a true mark is sold.

*NEC Elec. v. CAL Circuit Abco*, 810 F.2d 1506, 1509 (9th Cir. 1987) (internal citations omitted) (emphasis added). Two admitted facts doom Plaintiff's Trademark claims. First, Plaintiff alleges that HPI stocks and sells

---

[2] Plaintiff does not dispute that its California unfair competition claim in Count 6 and interference with prospective economic advantage claim in Count 8 should fall if its Lanham Act are dismissed under the first sale doctrine. Accordingly, for the reasons discussed in Defendants' Memorandum of Points and Authorities in Support of Motion for Judgment on the Pleadings as to Counts 104, 6 and 8 of the Complaint, ECF No. 89-1, at 7-8, 11-12, Counts 6 and 8 must be dismissed because Plaintiff's Lanham Act claims are barred by the first sale doctrine.

genuine TGC products bearing Plaintiff's trademarks that are purchased from Plaintiff's Authorized Dealers and Distributors. Compl. ¶¶ 103, 122. Second, Plaintiff does not allege that HPI has repackaged or otherwise changed these TGC products. Based on Ninth Circuit law and Plaintiff's fact allegations deemed true for the purposes of this motion, the first sale doctrine bars Plaintiff's Lanham Act claims.

However, Plaintiff contends that it should be excepted from the first sale doctrine because (1) HPI did not "lawfully" purchase the TGC products and (2) the TGC products HPI sold, and which it purchased from Authorized Dealers, are "materially different" from the TGC products sold by Authorized Dealers. In view of the Ninth Circuit's decisions in *Sebastian Int'l Inc. v. Longs Drug Stores Corp.*, 53 F.3d 1073 (9th Cir. 1995) and *NEC Elec.*, neither argument has merit.

Plaintiff first argues that the first sale doctrine is in applicable because HPI cannot lawfully purchase TGC products from Authorized Dealers who sold them to HPI without Plaintiff's authorization. Yet the Ninth Circuit in *Sebastian* applied the first sale doctrine when faced with exactly this fact pattern. There, Longs Drug purchased the trademarked products from members of Sebastian's Collective Membership Program, who were contractually barred from reselling to non-members such as Longs Drug. *Id.* at 1074. Presuming that Longs Drug purchased the trademarked products from collective members who sold them in violation of their contracts with Sebastian, the Ninth Circuit held that the first sale doctrine precluded Sebastian's attempt to bar Longs Drug from reselling genuine Sebastian products purchased on the open market. *Id.* at 1075. "It is the essence of the 'first sale' doctrine that a purchaser who does no more than stock, display, and resell a producer's product under the producer's trademark violates no right conferred upon the producer by the Lanham Act." *Id.* at 1076.

1  Following *Sebastian*, HPI's resale of TGC products sourced as alleged by
2  Plaintiff cannot preclude application of the first sale doctrine.[3]

3  Plaintiff's next claim that the genuine TGC products sold by HPI are "materially different" from those same products sold by Authorized Dealers is based on the alleged failure by HPI to provide certain accompanying services with the sale of the products. The Ninth Circuit in *NEC Elec.* applied the first sale doctrine in a case where the trademark holder argued that the lack of accompanying services in conjunction with the sale of the genuine product imposed Lanham Act liability. In that case, NEC-USA claimed that "part and parcel" of its genuine NEC trademarked computer chips was the accompanying "front end technical support to its customers, quality control, significant warranty service, extensive advertising and promotion of its product, and the selection and training of its technical personnel." *NEC Elec., Inc. v. Cal Circuit ABCO, Inc.*, Case No CV 85-1344, 1986 WL 765406 at *6-7 (C.D. Cal. Aug. 20, 1986), *reversed in part, vacated in part by NEC Elec. v. CAL Circuit Abco*, 810 F.2d 1506, 1509 (9th Cir. 1987). The Ninth Circuit, however, held that the lack of the accompanying services being provided as part of the sale of the trademarked product, and any potential consumer confusion that could arise therefrom, was not sufficient to preclude application of the first sale doctrine to bar Lanham Act liability. *NEC Elec.*, 810 F.2d at 1509-10. This factually-on-point precedent further supports dismissal of Plaintiff's Lanham Act claims as alleged.[4]

---

[3] Plaintiff's citation to this Court's decision in *Curtis v. Shinsachi Pharm. Inc.*, 45 F.Supp.3d 1190, 1202-03 (C.D. Cal. 2014), which applied the first sale doctrine in view of *Sebastian*, does not support Plaintiff's argument.

[4] Plaintiff claims that *NEC Elec.* is inapplicable because it does not concern "important services and training" that accompany health products. Opp. at 20. But Plaintiff cites no such cases for support, instead citing cases involving electronics and fragile figurines. These cases are distinguished *infra*. The Complaint also fails to allege facts showing that services Plaintiff

DEFS' REPLY ISO MOT. FOR JUDGMENT ON THE PLEADINGS 6

1 Plaintiff cites a number of cases to argue that the Court should not follow *NEC Elec.*, but each is readily distinguishable. For example, in *Enesco Corp. v. Price/Costco Inc.*, 146 F.3d 1083, 1086 (9th Cir. 1998), the Ninth Circuit did not apply the first sale doctrine because the defendant reselling the trademarked figurines had repackaged them in a manner that made it more likely the fragile figurines would be damaged. The Court did explain that if the defendant disclosed that it had "repackaged" the figurines the first sale doctrine would apply. *Id*. at 1087. Plaintiff makes no allegation that HPI repackaged the TGC products.

The decision in *HM Elec. Inc. v. R.F. Techs., Inc.*, Case No. 12-cv-2884-MMA (WMC) 2013 WL 12074966 (S.D. Cal. Oct. 3, 2013) likewise does not bar applying the first sale doctrine.  There, the Court stated that differences in warranties accompanying a trademarked product *may* constitute a material difference and did not apply the first sale doctrine because the defendant sold the trademarked product without any manufacturer's warranty. *Id*. at *3. But Plaintiff has made no allegation that the genuine TGC products sold by HPI are without warranty coverage.

Similarly, this Court's decision in *Harman Int'l Indus., Inc. v. Pro Sound Gear, Inc.*, Case No. 2:17-cv-06650-ODW (FFMx), 2018 WL 1989518 at *3 (C.D. Cal. Apr. 24, 2018), is not dispositive because it involved sales of trademarked products that the defendant altered (removed serial numbers) and that were without warranty coverage.  Again, there are no allegations that HPI either altered the genuine TGC products it sold or that these products lacked warranty coverage as a result of such sale. These

---

relies upon for its argument are contractually required, instead alleging only that services such as its stock rotation programs are *encouraged by programs in which dealers are permitted* to participate. See *supra*.

DEFS' REPLY ISO MOT. FOR JUDGMENT ON THE PLEADINGS                7

authorities do not preclude following *Sebastian* and *NEC Elec.* and barring Plaintiff's Lanham Act claims based on the first sale doctrine.

Finally, Plaintiff's suggestion that this case is at too preliminary a stage to apply the first sale doctrine to dismiss the Lanham Act claims ignores cases it cites in its brief. *See, e.g.*, *Sebastian*, 54 F.3d at 1074 (application of first sale doctrine on motion for preliminary injunction phase); *Enesco*, 146 F.3d at 1084 (application of the first sale doctrine at the motion to dismiss phase). The pleadings in this case are closed, these claims are entirely appropriate for determination under Rule 12(c), and Plaintiff cites to no cases holding otherwise.

**B.    Plaintiff's Contract Claims Fall Under Section 16600.**

Plaintiff does not dispute that the Dealer Agreement contains a provision barring HPI in perpetuity from promoting, advertising, and selling TGC products.[5] Compl. ¶ 63. This provision forever precludes HPI from pursuing a portion of its lawful business by selling products purchased on the open market and, therefore, is void as an unlawful restraint of trade in contravention of California Business and Professions Code section 16600. Plaintiff does not argue that any statutory exception to section 16600 applies.

Ninth Circuit has recognized that, "section 16600 voids 'every contract' that 'restrains' someone 'from engaging in a lawful profession, trade, or business'" and is not limited to any type of contract as Plaintiff argues. *Golden v. Cal. Emergency Physicians Med. Grp.*, 782 F.3d 1083, 1090 (9th Cir. 2015). The California Supreme Court ruled that California

---

[5] Plaintiff tries to recast this argument by claiming the Dealer Agreement simply "authorizes" the sale of the product and therefore cannot violate section 16600. Opp. at pp. 7-8. This ignores the post-termination ban provision.

courts "have been clear in their expression that section 16600 represents a strong public policy of the state which should not be diluted by judicial fiat." *Edwards v. Arthur Andersen LLP*, 44 Cal. 4th 937, 949 (2008). "Section 16600 is unambiguous, and if the Legislature intended the statute to apply only to restraints that were unreasonable or overbroad, it could have included language to that effect." *Id*. at 950. And it has long been recognized by California's Supreme Court that section 16600 makes "no exception in favor of contracts only in partial restraint of trade." *Chamberlain v. Augustine*, 172 Cal. 285, 289 (1916).

Plaintiff seeks to evade the expansive reach of section 16600 by arguing first that the California Supreme Court's Edwards decision is limited to the employment context.[6] Opp. at 8 n.4. Plaintiff cites to *Campbell v. Bd. of Trusteesof the Leland Stanford Junior Univ.*, 817 F.2d 499 (9th Cir. 1987) and *Gen. Commercial. Packaging, Inc. v. TPS Package Eng'g, Inc.*, 126 F.3d 1311 (9th Cir. 1997) to suggest that "narrow restraints," which only bar pursuing a portion of a profession, business or trade, do not violate section 16600 outside the employment context. Opp. at 8. But the California Supreme Court expressly stated in *Edwards* that this judicially created "narrow-restraints" exception was inconsistent with section 16600. *Edwards*, 44 Cal.4th at 949-950. As the Ninth Circuit has noted, *Edwards* disapproved the *General Com. Packaging* decision that a narrowly tailored restraint, in which a post termination provision barred a business from soliciting a small subset of another business's customers, complied with section 16600.

---

[6] Plaintiff's claim that *USS-Posco Indus. v. Case*, 244 Cal.App.4th 197, 208-209 (1st Dist. 2016) limits the holding of *Edwards* to employment cases and precludes enforcement of section 16600 is wrong for two reasons. First, this intermediate appellate decision cannot "limit" the scope of the *Edwards* decision by the California Supreme Court. Second, that case did not apply section 16600 because the training program cost repayment provision did not preclude the employee from competing in his chosen profession.

DEFS' REPLY ISO MOT. FOR JUDGMENT ON THE PLEADINGS 9

1 *Golden v. Cal. Emergency Physicians Med. Grp., Inc.*, 896 F.3d 1018, 1022-23 (9th Cir. 2018). The law is clear that section 16600 applies to any contract. *See Scott v. Snelling & Snelling, Inc.*, 732 F. Supp. 1034, 1040 (N.D. Cal. 1990)("A simple reading of [§ 16600], giving the words their ordinary meaning, demonstrates that the California state legislature intended section 16600 to apply to any sort of contract which contains a covenant restraining competition.")

Plaintiff completely ignores the fact that section 16600 has routinely been applied to post termination restraints on trade in contracts similar to the Dealer Agreement. *See e.g., Gatan, Inc. v. Nion Co.*, Case No. 15-cv-1862-PJH, 2016 WL 1243477 at *3 (N.D. Cal. Mar. 30, 2016) (holding one-year ban on distributing competing or similar products in reseller agreement void under § 16600); *Beatty Safway Scaffold, Inc. v. Skrable*, 180 Cal.App.2d 650, 656 (1960)(finding three-year post-termination bar on competition in distributor agreement violated § 16600); *Scott*, 732 F. Supp. at 1042-42 (holding franchise agreement's two-year post termination bar against operating competing business in former franchise area unenforceable under § 16600).

Plaintiff next claims that the Dealer Agreement does not contain any prohibition on competition in an effort to restyle the agreement as protecting other interests. Opp. at 11. This is verifiably false based on its post-termination perpetual ban on selling TGC products. But even if the Dealer Agreement seeks to protect other interests, it does not operate to bar application of section 16600.

Plaintiff's misplaced reliance on *Gatan* is instructive. In *Gatan* the district court granted defendant's motion to dismiss a breach of contract claim based on a post-termination ban on the marketing and sale of similar or competitive product because such a restraint was void under section

16600. *Gatan*, 2016 WL 1243477 at *3. The court acknowledged a trade secret exception exists to section 16600, but found that exception inapplicable under the facts. *Id*. *Gatan* clearly supports the application of section 16600 to the Dealer Agreement.[7]

Finally, Plaintiff suggests that section 16600 should not be applied to the Dealer Agreement because "strong public policy concerns" support enforcing its post-termination obligations. Opp. at 14-15. There is no support for this argument. First, not one of the three cases Plaintiff cites addresses the application of section 16600. All are in the trademark context. Second, Plaintiff premises its argument on conclusory legal allegations cast as factual assertions. Id. (HPI "used TGC's intellectual property without authorization and *to falsely hold itself out to the public as associated with TGC*" and "*tortiously interfered with TGC's contracts* with its Authorized Dealers.") (emphasis added). As such, these statements cannot preclude dismissal.

The law dictates that *any contract* that restricts the pursuit of *even a portion* of a lawful business is void under section 16600. Plaintiff seeks through its Dealer Agreement to enforce a perpetual post-termination bar on HPI from selling TGC products. Plaintiff cannot identify any exception to

---

[7] Plaintiff's reliance on *Hollingsworth Solderless Terminal Co. v. Turley*, 622 F.2d 1324 (9th Cir. 1980), *Gatsinaris v. ART Corp. Sols. Inc.*, SA CV 15-0741-DOC, 2015 WL 4208595 (C.D. Cal. July 10, 2015), and *Kolling v. Dow Jones & Co.*, 137 Cal.App.3d 709 (1st Dist. 1982) is also misplaced. In *Hollingsworth* the district court found it premature to void a restrictive covenant under section 16600 because the employee may have been improperly using proprietary information to compete against his former employer. *Hollingsworth*, 622 F.2d at 1338-39. *Gatsinaris* made a similar finding, holding section 16600 inapplicable because the restrictive covenant "restrict[ed] the Plaintiffs' ability to use Defendants' proprietary information" to compete. *Gatsinaris*, 2015 WL 4208595 at *14. This fact pattern does not apply to this case. *Kolling* is inapposite because it does not address section 16600 but rather addresses California's Cartwright Act under Business and Professions Code section 16700 et seq.

section 16600 that saves its post-termination ban. As a result, the Dealer Agreement is void under section 16600.

## V. CONCLUSION

For the foregoing reasons, Defendants ask the Court to dismiss Counts 1-4, 6, and 8 of the Complaint.

DATED: November 5, 2018   Respectfully submitted,

By: /s/Richard C. Vasquez
Richard C. Vasquez
Attorneys for Defendants
HEALTHYPETS, INC. and MANDEEP GHUMMAN

Richard C. Vasquez
Jeffrey T. Lindgren
VASQUEZ BENISEK & LINDGREN LLP
3685 Mt. Diablo Boulevard, Suite 300
Lafayette, CA 94549
925-627-4250
925-403-0900-Fax
rvasquez@vbllaw.com
jlindgren@vbllaw.com

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system on November 5, 2018.

/s/Richard C. Vasquez