Richard C. Vasquez (CA SBN 127228)
rvasquez@vbllaw.com
Jeffrey T. Lindgren (CA SBN 176400)
jlindgren@vbllaw.com
VASQUEZ BENISEK & LINDGREN LLP
3685 Mt. Diablo Blvd., Suite 300
Lafayette, CA  94549
Telephone:   (925) 627-4250
Facsimile:    (925) 403-0900

Attorneys for Defendants
HEALTHY PETS, INC. AND MANDEEP GHUMMAN

# IN THE UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE GARMON CORPORATION, a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>HEALTHYPETS, INC., a California corporation; MANDEEP GHUMMAN,<br><br>Defendants. | Case No: 5:18-cv-809 ODW (SHKx)<br><br>Hon. Otis D. Wright II<br><br>**DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR ATTORNEYS' FEES PURSUANT TO LANHAM ACTION § 35(A)**<br><br>Date:   June 24, 2019<br>Time:  1:30 p.m.<br>Hon. Otis D. Wright II |

DEFENDANTS' MPA ISO MOTION FOR ATTORNEYS' FEES

## I. INTRODUCTION

Plaintiff The Garmon Corporation ("Plaintiff" or "TGC") pursued Lanham Act claims in this case that were totally deficient legally and factually. When challenged by Defendants HealthyPets, Inc. ("HPI") and Mandeep Ghumman ("Ghumman" and collectively "Defendants") on a Rule 12(c) motion, this Court dismissed these claims with prejudice and found that any attempt by Plaintiff to amend these claims would be futile based on the absence of any legal or factual support. Plaintiff's real purpose in filing these claims appears more likely to be as an alternate avenue for litigating its contract dispute with Defendants. Plaintiff's pursued Lanham Act claims on which no reasonable litigant could expect to succeed legally and factually and that makes this an exceptional case under Lanham Act § 35(a). As a result, Defendants are entitled to an award of attorneys' fees based on this Court's dismissal of these Lanham Act claims with prejudice.

## II. STATEMENT OF RELEVANT FACTS

This case arises out of a contract dispute between Plaintiff and Defendants. Although HPI had sold Plaintiff's pet supplement products since 2006, in April 2016 Plaintiff and HPI entered into an Authorized Online Dealer Agreement ("Dealer Agreement") that formally designated HPI as an authorized dealer of Plaintiff's pet supplement products.

Plaintiff contended that after termination of the Dealer Agreement in September 2017, HPI continued to advertise, promote and sell TGC products to end users through HPI's websites and used Plaintiff's trademarks by advertising and selling genuine TGC products bearing the TGC trademarks on the product packaging. Compl. (ECF No. 1) ¶¶61, 66-69. Plaintiff never alleged that HPI was selling non-genuine, counterfeit, repackaged, defective, or otherwise altered TGC products; rather, Plaintiff alleged only that HPI

DEFENDANTS' MPA ISO MOTION FOR ATTORNEYS' FEES                                   1

sold the same TGC products bearing the original TGC trademarks sold by Plaintiff's Authorized Dealers and Distributors (from whom HPI purchased those products). Compl. (ECF No. 1) ¶¶103, 122. As noted by this Court, this activity formed the sole basis for Plaintiff's Lanham Act claims.

On October 19, 2018 Defendants filed a Motion for Judgment on the Pleadings (ECF No. 89) seeking dismissal of Plaintiff's: (1) Lanham Act claims (Counts 3 and 4) because they were barred by the first sale rule; (2) California unfair competition claim under California Business and Professions Code §§ 17200 and 17500 *et seq.* (Count 6) because it was premised on the the Lanham Act violations; (3) California tortious interference with prospective economic advantage claim (Count 8) because the alleged requisite independently wrongful act was the Lanham Act violations; and (4) breach of contract claims (Counts 1 and 2) because the Dealer Agreement is void as an unlawful restraint of trade in contravention of California Business and Professions Code § 16600. On May 16, 2019, this Court issued its Order Granting In Part Defendants' Motion for Judgment on the Pleadings wherein it granted dismissal with prejudice of the Lanham Act claims (Counts 3 and 4) and declined to address the remaining state law claims on the ground the Court would not exercise supplemental jurisdiction on those claims.[1] *The Garmon Corp. v. HealthyPets, Inc., et al.*, Case No. 5:18-cv-00809-ODW (SHKx), 2019 WL 2145455 (C.D. Cal. May 16, 2019). The Court held that the first sale rule barred Plaintiff's Lanham Act claims, finding that Plaintiff's arguments in opposition were contrary to the well-established and controlling Ninth Circuit and Supreme Court

---

[1] On April 25, 2019 the Court dismissed Plaintiff's Copyright Act claim (Count 5) based on Pl.'s Notice of Voluntarily Dismissal (ECF No. 101). Order (ECF No. 102) at 2.

DEFENDANTS' MPA ISO MOTION FOR ATTORNEYS' FEES

2

precedent, and that the facts on which Plaintiff relied could not support the purported Lanham Act violations. *The Garmon Corp.*, 2019 WL 2145455 at *2-*4.

The Court identified Plaintiff's four arguments to rebut Defendants' claim that the first sale rule barred Lanham Act claims "based on HPI's advertisement, promotion[,] and sale of genuine [Garmon] products bearing [Garmon's] original trademarks that were purchased by HPI from third parties." *Id*. at *3 (internal quotations omitted). Specifically, Plaintiff contended:

> 1) HPI's first sale rule defense fails because "HPI illegally obtained [Garmon] products by tortiously inducing Authorized Dealers to breach their contracts with [Garmon] and sell products to HPI"; 2) Garmon's animal health products are materially different in accompanying services, quality control, and warranties; 3) HPI has illegally used Garmon's copyright images and product descriptions to falsely associate with Garmon; and 4) HPI's actions cause customer confusion and harm Garmon's goodwill.

*Id*.

The Court found Plaintiff's first argument on "unlawful procurement" unavailing because no Ninth Circuit or Supreme Court case "include[d] lawful acquisition as an element of the first sale rule or require[d] a party invoking the first sale rule to prove lawful procurement." *Id*. This Court was unwilling to follow Plaintiff's invitation to add a new legal element to the first sale rule not found in the controlling jurisprudence.

The Court next found Plaintiff's "material difference" argument rejected by longstanding Ninth Circuit caselaw and contradicted by Plaintiff's own asserted facts. The Court relied on the Ninth Circuit's decision in *NEC Elecs. V. CAL Circuit Abco*, 801 F.2d 1506 (9th Cir. 1987) that directed that "services" and "warranties" in the "material differences" context were insufficient to preclude the first sale rule's application. *The Garmon Corp.*, 2019 WL 2145455 at *3-*4. The Court then nixed Plaintiff's

DEFENDANTS' MPA ISO MOTION FOR ATTORNEYS' FEES          3

"quality control" theory for its "material differences" argument because Plaintiff's pleaded facts and exhibits attached to the Complaint demonstrated that the products sold by HPI, which Plaintiff contended were genuine TGC products purchased by HPI from TGC's authorized distributors and dealers, were not different in quality. *The Garmon Corp.*, 2019 WL 2145455 at *4.

The Court next summarily dismissed Plaintiff's "false association" argument because claims of false association based on the facts Plaintiff alleged had been squarely denied by the Ninth Circuit in its decision in *Sebastian Int'l, Inc. v. Longs Drug Stores Corp.*, 53 F.3d 1073 (9th Cir. 1995). *The Garmon Corp.*, 2019 WL 2145455 at *4. The Court recited this Ninth Circuit pronouncement finding that the first sale rule applies even if consumers may erroneously believe there is affiliation between the reseller and producer of the trademarked product. *Id*.

Finally, the Court indicated that Plaintiff's "customer confusion" argument was meritless because pursuant to the first sale rule there could never be confusion when consumers are purchasing genuine TGC products bearing TGC's original trademarks. *The Garmon Corp.*, 2019 WL 2145455 at *4. As a result, this Court dismissed Plaintiff's Lanham Act claims with prejudice and would not permit leave to amend "because amendment cannot cure Garmon's failed trademark claims." *Id*. at *4-*5.

### III.   LEGAL STANDARD

Under Section 35(a) of the Lanham Act a "court in exceptional cases may award reasonable attorney fees to the prevailing party." 15 U.S.C. § 1117(a). The Lanham Act's fee-shifting provision is interpreted in tandem with the Patent Act's parallel provision. *See SunEarth, Inc. v. Sun Earth Solar Power Co., Ltd.*, 839 F.3d 1179, 1180 (9th Cir. 2016). As a consequence, interpretations of the Patent Act's fee-shifting provision guides

DEFENDANTS' MPA ISO MOTION FOR ATTORNEYS' FEES

4

the interpretation of Lanham Act Section 35(a). *Id*. (citing *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 134 S.Ct. 1749, 1756 (2014)). An exceptional case under Section 35(a) is "simply one that stands out from others with respect to the substantive strength of a party's litigating position (concerning both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." *Octane Fitness*, 134 S.Ct. at 1756. "[A] case presenting either subjective bad faith or exceptionally meritless claims may sufficiently set itself apart from mine-run cases to warrant a fee award." *Id*. at 1757.

The determination of an entitlement to fees under Section 35(a) is neither precise nor formulaic. *Octane Fitness,* 134 S.Ct. at 1757 "[F]rivolousness, motivation, objective unreasonableness (both in the factual and legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence" are factors that support an exceptionality finding. *Id.,* at 1756 n.6; *see also Lumen View Tech. LLC v. Findthebest.com, Inc.*, 811 F.3d 479, 484-85 (Fed. Cir. 2016)(affirming award of reasonable attorneys fees and noting "deterrence may be a consideration when determining whether to award attorney fees.") A litigation position is objectively unreasonable if "no reasonable litigant could reasonably expect success on the merits." *Taurus IP, LLC v. DiamlerChrysler Corp.*, 726 F.3d 1306, 1327 (Fed. Cir. 2013). A prevailing party need only show an entitlement to an award of attorneys fees by a preponderance of the evidence. *See Octane Fitness*, 134 S.Ct. at 1758.

## IV. ARGUMENT

### A. Plaintiff's Lanham Act Claims Had No Legal or Factual Basis.

Plaintiff's Lanham Act claims (Counts 3 and 4) were based solely on HPI's advertisement, promotion and sale of genuine TGC products bearing

original TGC trademarks that were purchased by HPI from Plaintiff's authorized dealers and distributors. This Court explained:

> "[T]rademark law generally does not reach the sale of genuine goods bearing a true mark even though such sale is without the mark owner's consent." Courts generally apply the first sale doctrine to the resale of trademarked goods. As a general rule, this doctrine limits the trademark owner's right under the Lanham Act to control distribution of its own products after the product's first sale. Under this doctrine, the purchaser may "stock, display, and resell a producer's product under the producer's trademark" without infringing on the producer's trademark.

*The Garmon Corp.*, 2019 WL 2145455 at *2 (citations omitted). Even a casual review by Plaintiff of first sale rule cases in the Ninth Circuit would have revealed that courts routinely find no basis for Lanham Act trademark infringement and unfair competition claims under facts strikingly similar to Plaintiff's facts.

Although Plaintiff argued that its Lanham Act claims were not barred by the first sale rule because of its unlawful procurement, material difference, false association and consumer confusion arguments, none had merit. The Court held that Plaintiff's "unlawful procurement" argument had no support in any Supreme Court or Ninth Circuit precedent and that, to find for Plaintiff, the Court would have to add a new legal element to the first sale rule. Further, the Court noted that even if there was an unlawful procurement defense to the first sale rule, Plaintiff's asserted facts and evidence could not support such an argument.

Plaintiff's material differences argument—relying on services, quality control, and warranties—likewise had zero legal or factual support. Plaintiff's material differences claim based on accompanying services and warranties ran afoul of the Ninth Circuit's 1987 ruling in *NEC Elecs.*, which expressly found an identical claim about additional services and warranties creating a material difference in a trademarked product insufficient to

DEFENDANTS' MPA ISO MOTION FOR ATTORNEYS' FEES

6

circumvent the first sale rule. *See NEC Elecs.*, 810 F.2d at 1509-10 (holding that a defendant's unauthorized use of the "NEC" trademark to sell genuine NEC computer chips in the United States without providing NEC-USA's accompanying servicing and warranties could not save NEC-USA's trademark claims from application of the first sale doctrine.) Moreover, the Court again found Plaintiff alleged no facts at all that would support its "quality control" material differences argument. In fact, quite the opposite, the Court ruled that based on Plaintiff's own evidence it was clear that the products could not be materially different because they were purchased through Plaintiff's authorized dealers and distributors and were not altered by HPI. *The Garmon Corp.*, 2019 WL 2145455 at *4.

The Court confirmed that Plaintiff's "false association" argument had been squarely rejected in the Ninth Circuit's 1995 decision in *Sebastian Int'l Inc. v. Longs Drug Stores Corp.*, 53 F.3d 1073 (9th Cir. 1995). The law is clear that a consumer's erroneous belief that a reseller who sells a producer's genuine trademarked goods is affiliated or otherwise authorized with the producer does not bar application of the first sale rule. *Id*. at 1076 (holding that "the essence of the 'first sale' doctrine that a purchaser who does no more than stock, display, and resell a producer's product under the producer's trademark violates no right conferred upon the producer by the Lanham Act.")

The Court struck Plaintiff's "customer confusion" argument with a single sentence: "for the first sale rule to apply there can be no confusion." *The Garmon Corp.*, 2019 WL 2145455 at *4. This is the entire basis behind the first sale doctrine—HPI's advertisement and sale of genuine TGC products bearing original TGC trademarks cannot create any confusion because the products bear Plaintiff's name and not HPI's.

DEFENDANTS' MPA ISO MOTION FOR ATTORNEYS' FEES 7

Plaintiff's pursuit of its Lanham Act claims was in direct contravention of the controlling Supreme Court and Ninth Circuirt—there was no colorable argument to support these claims. Furthermore, the facts pleaded and evidence provided by Plaintiff supported only one legal conclusion—that the first sale rule barred any Lanham Act liability. There was no ambiguity here; this Court dismissed these claims with prejudice because any attempt to amend them would be futile. These claims were utterly devoid of any legal or factual basis and Plaintiff could muster no good faith arguments to support them. On this record, it appears that Plaintiff alleged these Lanham Act claims simply as a strategy to increase leverage on Defendants in the parties' contract dispute.

**B.     This Case is Exceptional Because Plaintiff Pursued Objectively Unreasonable Lanham Act Claims.**

The objective unreasonableness of Plaintiff's Lanham Act claims sets this case apart from typical cases and merits a fee award. *Octane Fitness* requires that the "substantive strength of a party's litigating position" be exceptional, as "one that stands out from others." *Octane Fitness*, 134 S.Ct. at 1756. Plaintiff's pursuit of its Lanham Act claims meets the "objectively unreasonable" threshold because "no reasonable litigant could reasonably expect success on the merits" given the legal and factual arguments Plaintiff asserted in this case. See *Taurus IP, LLC*, 726 F.3d at 1327. Plaintiff's arguments underlying its Lanham Act claims were directly contrary to controlling Supreme Court and Ninth Circuit precedent and the factual arguments put forth by Plaintiff completely supported applying the first sale rule. As a result, the only conclusion this Court could make was a dismissal with prejudice with a finding that leave to amend would be futile.

DEFENDANTS' MPA ISO MOTION FOR ATTORNEYS' FEES                                                                 8

The Supreme Court has held that "exceptionally meritless claims" standing alone "may sufficiently set [a case] apart from the mine-run cases to warrant a fee award." *Octane Fitness*, 134 S.Ct. at 1757. Based on the findings by this Court in its Order, this threshold has been reached. It was not a close call with regard to Plaintiff's Lanham Act claims and the blame for that resides with Plaintiff. There were no good faith arguments to support Plaintiff's Lanham Act claims—both the law and the facts would have to be radically different for Plaintiff to prevail. This case is exceptional and Defendants, the prevailing party, are entitled to an award of attorneys' fees incurred in opposing Plaintiff's Lanham Act claims.

## V. CONCLUSION

For the foregoing reasons, Defendants ask the Court to find this case exceptional pursuant to Lanham Act § 35(a) and award Defendants their attorneys' fees incurred in opposing Plaintiff's Lanham Act claims.

DATED: May 24, 2019              Respectfully submitted,

By: /s/Jeffrey T. Lindgren
Jeffrey T. Lindgren
Attorneys for Defendants
HEALTHYPETS, INC. and MANDEEP GHUMMAN

Richard C. Vasquez
Jeffrey T. Lindgren
VASQUEZ BENISEK & LINDGREN LLP
3685 Mt. Diablo Boulevard, Suite 300
Lafayette, CA 94549
925-627-4250
925-403-0900-Fax
rvasquez@vbllaw.com
jlindgren@vbllaw.com

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system on May 24, 2019.

                                              /s/Jeffrey T. Lindgren