O

# United States District Court
# Central District of California

| | |
|---|---|
| THE GARMON CORPORATION,<br><br>    Plaintiff,<br><br>    v.<br><br>HEALTHYPETS, INC., ET AL,<br><br>    Defendants. | Case №. 5:18-cv-00809-ODW (SHKx)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT [110]; AND DENYING PLAINTIFF'S MOTION TO AMEND THE SCHEDULING ORDER [123]** |

## I.   INTRODUCTION

Before the Court is Plaintiff The Garmon Corporation's ("Garmon") Motion for Leave to File a First Amended Complaint. (Mot. to Amend Compl. ("Mot."), ECF No. 110.) Garmon seeks to amend its Complaint to re-allege its voluntarily dismissed copyright infringement claim. However, because Garmon does not meet the requisite "good cause" standard for modifying the scheduling order to allow amendment at this stage of the litigation, the Court **DENIES** Garmon's Motion.[1] (ECF No. 110.)

---

[1] After considering the papers filed by the parties, the Court deems the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78(b); C.D. Cal. L.R. 7-15.

## II. FACTUAL BACKGROUND

On April 19, 2018, Garmon filed a Complaint that included eight causes of action against Defendants HealthyPets, Inc., and Mandeep Ghumann (collectively, "HealthyPets"). (Compl., ECF No. 1.) Three of Garmon's causes of action are federal claims: (1) Trademark Infringement, (2) Unfair Competition, and (3) Copyright Infringement; the remainder asserted state law claims. (*See* Compl.) The Court set the deadline to hear motions to amend pleadings or add parties on October 29, 2018. (Scheduling Order 24, ECF No. 67.) Garmon did not seek to amend its Complaint on or before that deadline. On October 10, 2018, HealthyPets moved for judgment on the pleadings as to certain of Garmon's claims, setting a hearing date on November 19, 2018. (Mot. for J., ECF No. 89.)

On April 23, 2019, Garmon moved to dismiss its copyright infringement claim. (Mot. to Voluntarily Dismiss, ECF No. 101.) Garmon asserts that it voluntarily dismissed its copyright infringement claim pursuant to the decision in *Fourth Estate* because it had not yet registered two of its copyright works.[2] (Mot. to Voluntarily Dismiss.) The Court granted Garmon's voluntary dismissal without prejudice. (Order Granting Dismissal, ECF No. 102.)

On May 16, 2019, the Court granted in part HealthyPets, Inc.'s motion for judgment on the pleadings with regards to Garmon's trademark infringement and unfair competition claims. (Order Granting J. on the Pleadings ("J. Order") 8, ECF No. 103.) As no federal claims remained, the Court found that it lacked federal subject matter jurisdiction and declined to exercise supplemental jurisdiction over Garmon's state claims. (J. Order 8–9.)

Seven months after the deadline to hear motions to amend, almost three months after the Supreme Court's decision in *Fourth Estate*, and long after the record

---

[2] On March 4, 2019, the Supreme Court issued its opinion in *Fourth Estate Public Benefit Corporation v. Wall-Street.com, LLC*, holding that a copyright claimant may commence an infringement suit only after the Copyright Office registers a copyright, and not when a copyright owner submits the application. 139 S. Ct. 881 (2019).

indicates Garmon's copyright works were registered,[3] Garmon moved for leave to amend its Complaint to add claims for copyright infringement. (Mot.)

### III. LEGAL STANDARD

When a party moves to amend a pleading beyond the deadline set in the scheduling order, it must first show "good cause" for relief from the deadline. Fed. R. Civ. P. 16(b)(4); *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607–08 (9th Cir. 1992). "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Johnson*, 975 F.2d at 609. "[C]arelessness is not compatible with a finding of diligence and offers no reason for a grant of relief. . . . If [the moving] party was not diligent, the inquiry should end." *Id.* (citations omitted).

Only where Federal Rule of Civil Procedure ("Rule") 16's good cause standard is met must a court consider whether amendment is proper under Rule 15. *See id.* at 608 (citing *Forstmann v. Culp,* 114 F.R.D. 83, 85 (M.D.N.C. 1987)). Under Rule 15, "[f]our factors are commonly used to determine the propriety of a motion for leave to amend. These are: bad faith, undue delay, prejudice to the opposing party, and futility of amendment." *DCD Programs, Ltd v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987). While the Rule 15 factors should be analyzed with "extreme liberality" toward favoring amendment, *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981), the moving party cannot "appeal to the liberal amendment procedures afforded by Rule 15" unless it first "satisf[ies] the *more stringent* 'good cause' showing required under Rule 16" *AmerisourceBergen Corp. v. Dialysist W., Inc.*, 465 F.3d 946, 952 (9th Cir. 2006).

### IV. DISCUSSION

Garmon argues in its Motion that Rule 15 governs their proposed amendment. Not so. This case is governed by a scheduling order, and the date to amend pleadings has long passed. *See Johnson*, 975 F.2d at 607–08; (Scheduling Order 24.) As such,

---

[3] Garmon asserts without evidence that its remaining copyright works were registered on April 29, 2019. (Mot. 6.) But the record suggest that Garmon knew by January 22, 2019, that its pending works had already been registered. (*See* Opp'n to Mot. ("Opp'n") 6, ECF No. 117.)

Rule 16 governs this case, requiring a demonstration of good cause. Fed. R. Civ. P. 16(b)(4). The Court finds that Garmon fails to demonstrate good cause for its delay in seeking leave to amend its complaint under Rule 16.

Garmon fails to address Rule 16's good cause standard or support its own diligence under *Johnson*, and has not adequately shown that it has been diligent with respect to this proposed amendment. *See Johnson*, 975 F.2d at 609. Garmon asserts that two of its copyright works were not registered until April 29, 2019, but provides no evidence to support this assertion. (Mot. 6.) In contrast, the record suggests that Garmon knew by January 22, 2019, that the works had been registered. (Opp'n 6; Decl. of Jeffrey T. Lindgren Ex. A ("HealthyPets's Second Set of Interrog.") 5, ECF No. 117-2.) Such a delay of months by Garmon smells of gamesmanship and, at best, reflects a lack of diligence. *Stiletto Television, Inc. v. Hastings, Clayton & Tucker, Inc.*, No. 18-cv-3911-DSF (PLAx), 2019 WL 2619642, at *2 (C.D. Cal. Apr. 15, 2019) (finding plaintiff was not diligent when it waited months after it received it registrations from the Copyright Office to seek leave to amend its Complaint). Accordingly, Garmon has not established good cause as to its delay in seeking leave to amend its Complaint.

Further, the Ninth Circuit has found that leave to amend is properly denied where waiting to seek leave to amend was a "tactical choice" by the moving party. *See Stein v. United Artists Corp.*, 691 F.2d 885, 898 (9th Cir. 1982); *see also Acri v. Int'l Ass'n of Machinists & Aerospace Workers*, 781 F.2d 1393, 1398–99 (9th Cir. 1986). Here, the delay in Garmon's proposed amendment appears as a web of tactical decisions. (*See generally* Opp'n 5–7.) For example, Garmon waited to move for leave to amend until after this Court granted HealthyPets's motion for judgment on the pleadings, in which the Court dismissed Garmon's two remaining federal claims. (Opp'n 5.) The only explanation Garmon offers is that "the need for dismissal and reinstatement of the claim did not arise until after March 4, 2019, when the Supreme Court's holding in *Fourth Estate* was published." (Mot. 6.) Yet the record indicates

Garmon knew its works were registered in January 2019. Even accepting Garmon's unsupported assertion that its works were not registered until April 29, 2019, Garmon still delayed a full month to seek leave to amend. Garmon provides no explanation as to why it waited to seek leave to amend its Complaint until *after* this Court granted HealthyPets's motion for judgment, on May 16, 2019. (*See generally* Reply, ECF No. 120.) Garmon's tactical choices to delay in seeking leave to amend until after the Court granted judgment on the pleadings and declined supplemental jurisdiction, effectively eliminating all claims, does not comport with good cause. Therefore, Garmon fails to meet the good cause standard. *See Stein*, 691 F.2d at 898.

As the Court finds that Garmon has failed to meet the Rule 16 good cause standard, it need not analyze the propriety of granting the motion under Rule 15. *See AmerisourceBergen Corp.*, 465 F.3d at 952.

## V.    CONCLUSION

For the reasons discussed above, the Court **DENIES** Garmon's Motion for Leave to File an Amended Complaint. (ECF No. 110.) Accordingly, the Garmon's Motion to Amend the Scheduling Order is **DENIED AS MOOT** (ECF No. 123), and the scheduling order remains in effect (ECF No. 67). Moreover, Garmon has no federal claims remaining, and the Court has already declined to exercise supplemental jurisdiction over Garmon's state claims. (ECF No. 103.) Therefore, Judgment will be entered upon the resolution of HealthyPets remaining counterclaims.

**IT IS SO ORDERED.**

November 1, 2019

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**